**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 10-25081 HRT** |
| RONALD CLINTON WRIGHT<br>AND PATRICIA LORRAINE WRIGHT | |
| Debtor(s). | **CHAPTER 13** |
| U.S. BANK, N.A.,<br>Movant,<br>vs. | |
| RONALD CLINTON WRIGHT<br>AND PATRICIA LORRAINE WRIGHT<br>and<br>Sally Zeman, Chapter 13 Trustee,<br>Respondents. | |

**MOTION TO APPROVE STIPULATION AND STIPULATION TO RESOLVE OBJECTION TO CONFIRMATION AND CURE POST-PETITION DEFAULT**

COMES NOW the Debtors, RONALD CLINTON WRIGHT AND PATRICIA LORRAINE WRIGHT, by and through their attorney, William W. Hughes, and U.S. BANK, N.A. ("Creditor"), by and through its attorney, Heather L. Deere, and hereby stipulate and agree to resolve Creditor's Objection to Confirmation and the existing post-petition default in payments owed to Creditor as follows:

1. The Parties agree that the Debtors owe their Novembe 1, 2010 through January 1, 2011 payments, late charges for each month, and the attorney's fees and costs incurred by U.S. BANK, N.A. in the total amount $4,752.17 as follows:

| | |
|---|---|
| 3 payments @ $1,320.29 (Nov-Jan) | $3,960.87 |
| 1 late charge @ $50.06 (Sept 10) | $50.06 |
| 4 late charges @ $52.81 (Oct-Jan) | $211.24 |
| Attorney's fees for Stipulation | $300.00 |
| Attorney's fees for Objection | $150.00 |
| Property inspection fees (4 @ $20) | $80.00 |

2. That Creditor filed an objection to the confirmation of the Debtors' Chapter 13 Plan on November 12, 2010 stating that the pre-petition arrears owed to Creditor were $509.24 calculated as follows:

| | |
|---|---|
| Accrued pre-petition late charges | $429.24 |
| Property inspection fees (4 @ $20) | $80.00 |

3. To cure the combined pre-petition arrears and post-petition default of $5,261.41, the Debtors shall make eighteen (18) monthly payment of $292.31 per month for the months of February 2011 through July 2012. These payments shall be due on the 1st of each month starting on February 1, 2011 and shall be in addition to the Debtors' regular monthly payments due to Creditor. Thereafter, the Debtors shall remain strictly current in their post-petition payments starting with the February 1, 2011 monthly payment. All payments shall be made directly to Creditor.

4. Based on the terms of this agreement, Creditor hereby withdraws its Objection to Confirmation (document number 26).

5. There shall be a default by the Debtor(s) under the terms of this Stipulation if the Debtor(s) fail(s) to make any of the payments as required by this Stipulation. There shall be a further default if any of the default to be cured through this Stipulation ($5,261.41) remains unpaid as of July 31, 2012.

6. In the event of a default by the Debtor(s), counsel for Creditor shall send written notice of the default to the Debtor(s) and the Debtor's(s') attorney. The written notice shall set forth the amount of the default. If the default is not cured within ten (10) days of the date of the written notice, U.S. BANK, N.A. shall be allowed relief from stay, <u>without further notice or hearing,</u> upon motion for entry of order to the court filed by Creditor outlining the Debtor's(s') default under the terms of the Stipulation.

7. Creditor will not be required to send the notice of default as outlined in paragraph 6 more than two (2) times during the pendency of this bankruptcy. If more than two (2) defaults should occur hereunder, Creditor need not notify the Debtor(s) or his/their attorney of the default. Instead, U.S. BANK, N.A. shall be allowed relief from stay, <u>without further notice or hearing,</u> upon motion for entry of order to the court that the Debtor(s) has/have failed comply with the terms of the Stipulation.

8. This Stipulation has been reached to facilitate the Debtor(s) compliance with the terms and obligations of the Debtor(s) secured obligations to Creditor. The Stipulation is in harmony with the terms of the Chapter 13 Plan. It allows the case to remain open and the Chapter 13 Plan to remain viable.

9. The Parties agree that if relief from stay is granted pursuant to the terms of this Stipulation, the relief from stay shall be granted to allow U.S. BANK, N.A. to proceed to pursue a foreclosure on the following described real property:

> SEE LEGAL DESCRIPTION ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE
> Purported common address: 2920 LAMBERT LANE, LAPORTE, CO 80535

10. The Debtor(s) hereby agree(s) that if relief from stay is granted pursuant to this Stipulation, the fourteen (14) day stay period pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure should be waived.

11. In the event that the above captioned bankruptcy is dismissed or a discharge order is entered, this Stipulation will no longer be valid or enforceable from the date of such order. This Stipulation will be valid if this case is converted to a Chapter 7.

12. The Parties respectfully request that the Court approve this Stipulation and declare it to be binding on the Parties.

WHEREFORE, the Parties respectfully request that the Court approve the terms of the Stipulation and make said terms an Order of the Court.

Dated: 1/20/2011

Respectfully submitted,

LAW OFFICE OF MICHAEL P. MEDVED, P.C.

By ______________________
Heather L. Deere, #28597
355 Union Boulevard, Suite 302
Lakewood, CO 80228
(303) 274-0155 or 303-223-7932

By ______________________
William W. Hughes, II
Attorney for Debtor
19 Old Town Square
Fort Collins, CO 80524
(970) 419-8218

Approved By ______________________
Sally Zeman, #15319
William R Lambert
Chapter 13 Trustee
P.O. Box 1169
Denver, CO 80201
(303) 830-1971

10-700-17338